(C. D. 483)

◼◼◼◼◼◼◼◼◼◼◼◼◼

WALCO BEAD CO. *v.* UNITED STATES

◼◼◼◼◼◼◼◼◼◼◼◼◼

United States Customs Court, First Division

◼◼◼◼◼◼◼◼◼◼◼◼◼

(Decided May 2, 1941)

*Strauss & Hedges; Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General *(John J. McDermott,* special attorney), for the defendant.

Before BROWN, TILSON, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "tile beads," and which beads are white in color. Duty was levied thereon at the rate of 45 per centum ad valorem under the provision in paragraph 1503 of the Tariff Act of 1930 for "all

other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed." It is claimed that said merchandise is properly dutiable at but 35 per centum ad valorem under the provision in said paragraph for "Spangles and beads, including bugles, not specially provided for."

It is to be noted that although various colored beads are represented by different numbers on the invoices, only the white beads No. 1 were classified by the collector as being in imitation of precious or semiprecious stones. A sample of such white beads No. 1, being the actual merchandise in issue, has been admitted in evidence as collective exhibit 1, all other beads on the invoice having been assessed for duty at 35 per centum ad valorem under said paragraph as beads not specially provided for.

The plaintiff offered in evidence the testimony of four witnesses. The first, Samuel Wallach, president of the plaintiff-corporation, after identifying collective exhibit 1, testified concerning the use of said beads as follows:

The principal use of these beads, is for making tile mats such as these samples. We issue a booklet in which we describe the use of these beads under the name of tilecraft mats, and give instructions and give designs how to make these mats. We also put out sets which contain beads, instructions, designs, needles, as to making these mats, and these we call tilecraft outfits; and this is a sample card which shows all the colors in which we import these beads.

The witness then identified two mats made from tilecraft beads, which were admitted in evidence as illustrative exhibits A and B. A sample of a tilecraft outfit was admitted in evidence as illustrative exhibit C; a sample card showing all colors of tilecraft beads was admitted in evidence as illustrative exhibit D, and an instruction booklet was admitted in evidence as illustrative exhibit E.

The witness then testified that the white beads in the various exhibits are known as "color 1" and are the same beads as "color 1" in the case at bar; and that the various color numbers given in the sample card (exhibit D) are the same as the color numbers shown on the invoices herein.

At this juncture, for the purpose of limiting the issue, counsel for the Government stated that the Government contends that the white beads in exhibit 1 resembled or imitated white onyx, white agate, white jade, or white coral.

The witness then testified that he was thoroughly familiar with white agate which is not pure white but has in it little wavy streaks; that the beads in exhibit 1 do not resemble white agate as they are pure white; that white agate stones are usually oval and smooth; that he has never seen any precious or semiprecious stones in the shape of the beads in exhibit 1; that white agate stones are generally

used in jewelry; that the beads in exhibit 1 are never used for that purpose; that the beads at bar are not cut or polished but merely pressed into form, whereas white agate stones are handled individually and polished in order to bring out their luster; and that for the past 15 years he had handled beads which imitated various precious and semiprecious stones and also beads which do not imitate precious and semiprecious stones. Asked what was the distinction between the two the witness testified as follows:

Well, in beads that imitate precious and semiprecious stones they try to bring them out to resemblance both in shape, in cut, and in the high polish. In other words, they try to imitate them as close as possible with the materials that they use.

Q. Is that done in beads which do not imitate precious stones?—A. No; they are made in quantities as quickly as possible, of ordinary colored glass.

Q. Is that the way Collective Exhibit 1 is made?—A. Yes.

The witness then gave it as his opinion based upon his experience that the beads represented by collective exhibit 1 do not imitate precious or semiprecious stones.

The cross-examination of this witness did not result in any contradiction of his direct testimony in any material respect.

The second witness, Joseph Eitinger, president of the Eitinger Bead Co., testified that he had been in the business of importing beads of all kinds, as well as precious and semiprecious stones and imitations thereof, for the last 16 years. In general, his testimony corroborated that of the witness Wallach. He corroborated the testimony of the latter in regard to the distinction between white agate stones and the beads at bar. He further testified that white jade stones are not pure white but have a slight greenish tinge; that white coral is not pure white but has a slight pinkish tinge; and that white onyx is not pure white but has an ivory tinge.

This well-qualified witness expressed it as his opinion, based upon his long experience, that the beads in exhibit 1 do not imitate white onyx, white jade, white agate, or white coral, or any precious or semiprecious stone.

The plaintiff's third and fourth witnesses, Justin Gerstle and Louis A. Greene, both well qualified, corroborated the testimony of the previous witnesses in every particular, and as in the case of the previous witnesses the evidence on direct examination was not contradicted or materially altered on cross-examination.

No evidence was offered by the Government.

In their very full and complete brief filed herein, counsel for the plaintiff point out that the dictionary definitions of white coral, white jade, white agate, and white onyx wholly corroborated and confirmed the testimony given by the plaintiff's expert witnesses.

No brief was filed herein by counsel for the Government.

Upon the entire record we find as a fact that the white beads No. 1 represented by collective exhibit 1 do not imitate white agate, white jade, white coral, white onyx, or any other precious or semiprecious stone. We therefore hold said beads to be properly dutiable at the rate of 35 per centum ad valorem under said paragraph 1503 as beads not specially provided for, as claimed by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.